UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIRKLON LA'ROY BOYD | CIVIL ACTION |
| VERSUS | NO. 16-14699 |
| SHERIFF NEWELL NORMAND ET AL. | SECTION "A"(2) |

## REPORT AND RECOMMENDATION

Plaintiff, Kirklon La'Roy Boyd is a prisoner currently incarcerated in the Jefferson Parish Correctional Center in Gretna, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 at a time when he was a pretrial detainee awaiting trial on a murder charge. The original defendants were Jefferson Parish Sheriff Newell Normand ("Sheriff Normand"), Deputy Darryl Tillery ("Deputy Tillery"), and the Jefferson Parish Sheriff Office (the "Sheriff's Office"). Boyd alleges that he was subjected to excessive force on May 23, 2016, when he was attacked by Deputy Tillery after being escorted from the jail to "commissionary [sic] court." Plaintiff seeks monetary damages for physical injuries, emotional distress, and pain and suffering. In addition, he seeks a "public apology from the Sheriff and all parties that were involved fired and pros[ecu]ted to the highest extent of the law." Record Doc. No. 5 (Complaint at ¶'s IV and V).

Boyd was permitted two opportunities to expand upon the allegations in his original form Section 1983 complaint. First, in response to the court's order, he submitted a written statement of facts concerning his claims. Record Doc. No. 11.

Second, on January 12, 2017, I conducted a telephone conference in this matter. Plaintiff was sworn and testified for all purposes permitted by <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985), and its progeny. Plaintiff's written submissions and testimony provided at the <u>Spears</u> hearing were sufficient to state a cognizable constitutional claim against Deputy Tillery for use of excessive force. Record Doc. No. 19.

Thereafter, however, by order entered August 4, 2017, the presiding district judge accepted my report and recommendation to dismiss with<u>out</u> prejudice plaintiff's complaint as to Deputy Tillery for failure to prosecute and/or in accordance with Fed. R. Civ. P. 4(m). Tillery's dismissal without prejudice occurred only after the court had obtained Tillery's last known address from his former employer, the Sheriff; the United States marshal was unable to serve Tillery at that address; and plaintiff failed to show good cause why he could not provide Tillery's location or otherwise assist the court in effectuating service of process upon Tillery on his behalf. The court also dismissed with prejudice plaintiff's claims as to the Sheriff's Office, which is <u>not</u> a suable entity, leaving Sheriff Normand as the only remaining defendant. Record Doc. Nos. 25 and 26.

Sheriff Normand filed a motion to dismiss or, alternatively, for summary judgment, on September 6, 2017. Record Doc. No. 27. In his motion, the Sheriff argues that Boyd has made no allegation that the Sherif was personally involved in any way in Tillery's use of force against Boyd. He also argues that Boyd makes no allegation of

any official policy, practice or custom of the Sheriff sufficient to impose official capacity liability against him under governing Section 1983 case law.

By order entered September 8, 2017, the court instructed plaintiff to respond in writing to the Sheriff's motion no later than September 26, 2017, and that

> his response [to defendant's motion to dismiss] should include sworn affidavits and/or other verified materials sufficient to show that there is a material dispute precluding dismissal of this case . . . . Failure to follow the requirements of this order may result in a recommendation that the motion be granted and the case dismissed without a further hearing.

Record Doc. No. 28. Plaintiff has never filed a response to defendant's motion, as ordered by the court. Id.

For the following reasons, I recommend that the Sheriff's motion to dismiss should be granted and that the remaining federal claim against the Sheriff under 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** for failure to state a claim. I also recommend that Boyd's state law claims against the Sheriff should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, reserving Boyd's right to reassert the state law claims against the Sheriff in state court.

## ANALYSIS

I.  STANDARDS OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. The Supreme Court recently clarified the standard for a motion to dismiss under Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must 'accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff.'" Id. at 803 n.44 (quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)) (internal quotation omitted).

The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments. Walch v. Adjutant Gen.'s Dep't, 533 F.3d 289, 293 (5th Cir. 2008). Defendant's motion addresses only the sufficiency of the allegations of the complaint as a matter of law, not whether the allegations are true. Thus, for purposes of the motion, the court accepts "'all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiffs.'" Jabary v. City of Allen, No. 12-41054, 2013 WL 6153241, at *3 (5th Cir. Nov. 25, 2013) (quoting Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008)). "With respect to any well-pleaded allegations

'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 664).

In order to withstand a Rule 12(b)(6) motion to dismiss, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Maloney Gaming Mgmt., L.L.C. v. St. Tammany Par., 456 F. App'x 336, 340 (5th Cir. 2011) (quotations omitted) (citing Iqbal, 556 U.S. at 695; Elsensohn v. St. Tammany Par. Sheriff's Ofc., 530 F.3d 368, 371 (5th Cir. 2008); In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 n.10 (5th Cir. 2007)).

In this case, defendant's motion is addressed primarily to the insufficiency of the pleadings and does not require the court to review any evidence. Thus, the rule 12(b)(6) standard and not the alternative Rule 56 standard postulated by defendant is sufficient to address the motion. I find that plaintiff's remaining federal claim against the Sheriff must be dismissed under Rule 12(b)(6) in light of his written submissions and testimony setting out the factual basis of his claims. Plaintiff's allegations against the Sheriff, as expanded upon in his statement of facts and his testimony at the Spears hearing, fail to state a cognizable federal civil rights claim against the Sheriff under the broadest reading.[1]

## II. NO LIABILITY OF THE SHERIFF

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

Boyd has named Sheriff Normand as a defendant, but he has not alleged that the Sheriff was involved in an individual or personal capacity in any of the actions about which he complains. In plaintiff's response to the court's order requiring him to provide a written statement of facts concerning his claims, Boyd stated as to the Sheriff only that he is "pursuing malf[easance] of an officer, on Newell Normand, for this grievance, being he hired, Darryl Tillery." Record Doc. No. 11 at p. 6. On cross-examination during the Spears hearing, Boyd testified that he had heard in jail that the Sheriff had suspended Tillery from duty after the incident. Thus, plaintiff names the Sheriff as a defendant based solely upon the sheriff's official responsibilities over his deputies and the parish jail facility.

"There is no respondeat superior liability under section 1983." Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir. 1996); accord Field v. Corr. Corp., 364 F. App'x 927, 929 (5th Cir. 2010); Cox v. Irby, 281 F. App'x 390, 391 (5th Cir. 2008); Kohler v. Englade, 470 F.3d 1104, 1114-15 (5th Cir. 2006). Thus, the Sheriff cannot be held liable under Section 1983 pursuant to a theory of respondeat superior simply because Deputy Tillery, the individual allegedly responsible for plaintiff's injuries, if any, were in the Sheriff's employ or under his supervision. Sanders v. English, 950 F.2d 1152, 1160 (5th Cir. 1992); Baskin v. Parker, 602 F.2d 1205, 1208 (5th Cir. 1979); Barksdale v. King, 699 F.2d 744, 746 (5th Cir. 1983).

To hold Sheriff Normand liable, plaintiff must establish either that the Sheriff was "personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of [this defendant] . . . and the alleged constitutional violation." Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981); accord Cox, 281 F. App'x at 391; Kohler, 470 F.3d at 1115. "It is facially evident that this test cannot be met if there is no underlying constitutional violation." Rios v. City of Del Rio, 444 F.3d 417, 425-26 (5th Cir. 2006) (citing Breaux v. City of Garland, 205 F.3d 150, 161 (5th Cir. 2000)); accord Brauner v. Coody, 793 F.3d 493, 501 (5th Cir. 2015). In the instant action, plaintiff has failed to establish either that the Sheriff was personally involved in any acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of the Sheriff and the alleged constitutional violation.

Boyd has alleged that Sheriff Normand is liable for Deputy Tillery's actions because he hired the deputy and was his ultimate supervisor. Record Doc. No. 11 at p. 6. However, a supervisory official may be held liable under Section 1983 for his subordinates' actions only if the official implemented an unconstitutional policy that causally resulted in plaintiff's injury. Monell v. Dep't of Social Servs., 436 U.S. 658, 691-95 (1978); Thompson v. Johnson, 348 F. App'x 919, 921 (5th Cir. 2009) (citing Mouille v. City of Live Oak, 977 F.2d 924, 929 (5th Cir. 1992)); Gates v. Tex. Dep't of Protective & Regulatory Servs., 537 F.3d 404, 435 (5th Cir. 2008). Without alleging a particular custom, usage or policy for which the sheriff can be held constitutionally

liable, plaintiff fails to state a claim for relief under Section 1983. Monell, 436 U.S. at 691-95; Thompson, 348 F. App'x at 921-22; Mouille, 977 F.2d at 929. No such unconstitutional custom, usage or policy sufficient to establish the Sheriff's Monell liability has been alleged in this case. As such, Sheriff Normand is neither liable in his individual nor his official capacity under Section 1983.

III. SUPPLEMENTAL JURISDICTION

In the absence of a cognizable federal claim, any state law claims asserted by plaintiff are not within this court's supplemental subject matter jurisdiction. 28 U.S.C. § 1367(a). A district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3). The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); accord Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc., 554 F.3d 595, 602 (5th Cir. 2009). However, "this rule is neither mandatory nor absolute. Thus, while the district court's dismissal of the [plaintiff's] federal claims provides a powerful reason to choose not to continue to exercise jurisdiction, no single factor is dispositive in this analysis." Batiste, 179 F.3d at 227 (quotations and citations omitted); accord Certain Underwriters at Lloyd's v. Warrantech Corp., 461 F.3d 568, 578 (5th Cir. 2006).

The court's determination whether to exercise supplemental jurisdiction is guided by "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity that the Supreme Court outlined in Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350-51 (1988), and United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)." Batiste, 179 F.3d at 227.

The statutory considerations are whether

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The district court must make its decision "in light of the specific circumstances of the case at bar." Batiste, 179 F.3d at 227 (quotation and citation omitted).

To the extent that plaintiff asserts that the Sheriff committed allegedly tortious actions of malfeasance for hiring Deputy Tillery or that he is responsible as the deputy's employer under the state tort law of respondeat superior, these are purely questions of state law best and ordinarily left to the state court to decide. If plaintiff's Section 1983 claims are dismissed as recommended above, no possible basis for federal subject matter jurisdiction will then be apparent from the face of this complaint. Accordingly, pursuant to Section 1367(c) and having balanced the relevant factors of judicial economy,

convenience, fairness and comity, this court should decline to exercise jurisdiction over Boyd's state law claims and dismiss them <u>without</u> prejudice for all purposes contemplated by 28 U.S.C. § 1367(d).  <u>Mendoza v. Murphy</u>, 532 F.3d 342, 347 (5th Cir. 2008); <u>Brim v. ExxonMobil Pipeline Co.</u>, 213 F. App'x 303, 306 (5th Cir. 2007); <u>Smith v. Amedisys Inc.</u>, 298 F.3d 434, 447 (5th Cir. 2002).

Plaintiff remains free to pursue his state law claims, the only remaining viable claims against the Sheriff, in state court.

### **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that defendant's motion to dismiss be **GRANTED;** that plaintiff's Section 1983 claim against the remaining defendant, former Sheriff Newell Normand, be **DISMISSED WITH PREJUDICE** for failure to state a claim; and that plaintiff's state law claims, if any, be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's findings and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.

Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (superseded by statute on other grounds) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this \_\_\_19th\_\_\_ day of October, 2017.

                        JOSEPH C. WILKINSON, JR.
                        UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.